IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                           No.  05-40151-01-SAC

RACHEL LINDSEY HENDRY,

           Defendant.

MEMORANDUM AND ORDER

The defendant pleaded guilty to three of the four counts charged in the indictment, specifically, theft on a military base, theft of mail, and use of unauthorized access device.  The presentence report ("PSR") recommends a Guideline sentencing range of 6 to 12 months from a criminal history category of one and a total offense level of 10 (a base offense level of 6 pursuant to U.S.S.G. § 2B1.1(a)(2), plus 4 levels for loss exceeding $10,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(C), plus 2 levels for abuse of position of trust pursuant to U.S.S.G. § 3B1.3, less two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)).  The addendum to the PSR shows the defendant has four unresolved objections.  The defendant has filed a sentencing memorandum in support of her third objection (grounds for a downward departure) and fourth

objection (the victim's desire for restitution).

**Defendant's First Objection**: The defendant objects that ¶ 19 says she fled when the victim, Sgt. Hunter, returned from her deployment. The defendant points to ¶ 23 which summarizes her answer to law enforcement officers when asked why she had left the military base just days before Sgt. Hunter's return.

Ruling: The defendant's objection is overruled, as she does not challenge the accuracy of ¶ 19 as written and properly interpreted. "Attempts to locate Rachel Hendry were unsuccessful, and it was concluded that she had fled the area." The court understands this sentence to address what law enforcement had been doing and thinking as part of its investigation of the crime. Paragraph twenty-three offers the defendant's account of her reasons for leaving the base, regardless of what the officers were thinking at the time. If the defendant had objected properly to the substance of ¶ 19, the court would have determined that no ruling was necessary as the disputed matter does not affect sentencing.

**Defendant's Second Objection**: The defendant generally objects to the enhancement for abuse of a position of trust and cites in support, *United States v. Trask*, 143 F. Supp. 2d 88 (D. Mass. 2001).

Ruling: The PSR recommends a two-level enhancement for the defendant having abused a position of private trust that included a limited power of attorney and provided limited access to the victim's bank account. For the enhancement to apply, the defendant must have "occupied a position of trust" and "abused this position in a manner that significantly facilitated his or her offense," and this "abuse of trust is not included in the base level offense or specific offense characteristics pertaining to the defendant's crime." *United States v. Queen*, 4 F.3d 925, 927 (10th Cir. 1993), *cert. denied*, 510 U.S. 1182 (1994). The uncontroverted facts found in the PSR establish the defendant held a position of private trust which included a limited power of attorney, access to the victim's home, mail and car, and limited access to the victim's bank account. The defendant's offenses were significantly facilitated by her abuse of this position of trust which gave her discretionary access to the victim's assets and the appearance of authority over them. The defendant's abuse of this trust is not accounted for or subsumed in the calculated base offense level or in an applied specific offense characteristic. The holding and discussion in *United States v. Trask*[1] have no application to the facts here. The

---

[1] The defendant Trask was a stock broker found guilty of churning client funds, but no § 3B1.3 enhancement was given as churning, the

defendant's objection is overruled.

**Defendant's Third Objection**:  The defendant objects that the PSR does not characterize her family circumstances as a substantial reason for a downward departure.

Ruling:  The defendant does not challenge the PSR's factual summary of her family circumstances.  Under the sentencing guidelines, "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a departure may be warranted."  U.S.S.G. § 5H1.6.  Family circumstances are only considered in the most extraordinary situations.  *United States v. Jones*, 158 F.3d 492, 499 (10th Cir. 1998).  The defendant's status as a single mother is not such an extraordinary situation.  *United States v. Cage*, 451 F.3d 585, 596 (10th Cir. 2006) ("[W]e cannot find reasonable a sentencing decision that would effectively immunize single mothers from criminal sanction aside from supervised release.  Her situation is, unfortunately, not very uncommon, . . . .").  The defendant's objection is overruled.

**Defendant's Fourth Objection**:  The defendant says her counsel

---

offense of conviction, necessarily included the position of trust.  This analysis has no application here, for none of the defendant's offenses of conviction necessarily include a position of trust as an element.

has been told several times that the victim, Sergeant Hunter, "favors a sentence of probation to facilitate restitution." The defendant objects that the PSR should include this information.

Ruling: The defendant's objection is overruled. The PSR summarizes what the victim told the probation officer during an interview. There is no challenge to the accuracy of this summary. That the defense counsel may know the victim to have taken a different position on other occasions is a matter the defendant certainly can address at the sentencing hearing.

In her sentencing memorandum, the defendant proposes a sentence of twelve-months home confinement, a probationary period of five years, restitution payments of $400 per month, and as a condition for her continued release she will make the monthly restitution payments of $400 and agree not to contest a sentence of incarceration for her failure to make a restitution payment regardless of the reason. (Dk. 36). The government responds that it is willing to accept the defendant's proposed stipulations and recommend the same, "if the defendant agrees 'not to contest a sentence of incarceration should she, for any reason, fail to make a restitution payment,' and that the term of incarceration is twenty-four (24)

months." (Dk. 37, p. 2). After hearing from the parties at the sentencing hearing, the court will address the defendant's proposal.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 5th day of December, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge